■ In the Matter of SALVATORE D'ALESSANDRO et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. FREDERICK J. RUDD et al., Intervenors-Respondents. [937 NYS2d 589]—

In a prior DHCR proceeding commenced in 2005, petitioner Andres Baltra sought to have "the legal rent removed" from his lease because it was "not valid," and have it replaced by the "preferential rent" stated in the lease. DHCR rejected Baltra's claim that the registered legal rent was "not valid," and established the legal rent for the two-year period running from December 1, 2004, through November 30, 2006. Baltra never appealed from that order, which became final.

In the instant proceeding, petitioners again seek to "remove" the legal rent, asserting that it should be replaced with the preferential rent. This issue is identical to the claim rejected by DHCR in the 2005 order. Petitioners make no substantial argument that Baltra did not have a full and fair opportunity to litigate the issue of the validity of the legal rent in the 2005

proceeding. Thus, the doctrine of collateral estoppel precludes petitioners from relitigating the issue of the legal rent for the apartment which includes the newly advanced theory that the initial 1993 lease was fraudulent (*see Gersten v 56 7th Ave. LLC*, 88 AD3d 189, 201-202 [2011]; *9-10 Alden Place v Chen*, 279 AD2d 618, 619 [2001]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Román, JJ.