Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered June 17, 2011, which denied the petition brought pursuant to CPLR article 78 seeking to vacate an order of respondent Division of Housing and Community Renewal (DHCR) dated September 22, 2010, affirming an order of the DHCR rent administrator (RA) denying petitioner’s rent overcharge complaint and dismissed the proceeding, unanimously affirmed, without costs.
In June 1994, the RA issued an order reducing the rent for all apartments in the subject building. It appears that the 1994 order was never implemented to reduce the rent for petitioner’s apartment. In July 2007, petitioner filed a rent overcharge complaint, asserting that respondent owner 210 West 94th Street LLC had applied major capital improvement (MCI) rent increases at an excessive rate. Petitioner did not raise the 1994 order as a basis for adjusting his rent. In September 2008, the RA issued an order which, among other things, determined that the owner had misapplied two of the MCI rent increases, calculated the legal regulated rent and collectible rent for the subject apartment through May 2008, and awarded petitioner damages for rent overcharges. DHCR upheld the RA’s rent calculations for the subject apartment in a determination dated January 21, 2009, and petitioner did not seek judicial review of the order, which thereby became final (see Matter of D'Alessandro v New York State Div. of Hous. & Community Renewal, 92 AD3d 421, 421-422 [2012]).
In December 2009, petitioner filed the instant rent overcharge complaint, alleging that he was being overcharged because the rent reduction ordered by the 1994 order had never been implemented and was still in effect for his apartment. The RA denied the rent overcharge complaint, finding that “all rent adjustments subsequent to the base date” of “June 2, 2005” (four years prior to the filing of the complaint in 2009) were “lawful.” Despite the nominal base date of June 2, 2005, the RA noted that he had reviewed rent increases only subsequent to June 1, 2008, as the 2009 rent order established a legal regulated rent for the apartment of $1,481.08 through May 2008. In a determination dated September 22, 2010, DHCR upheld the denial of petitioner’s rent overcharge complaint, finding that his claim was “barred” by the 2009 rent order, which was “a final determination of the legal regulated rents through *687 May 2008,” such that “any challenges to rents prior to that date may not be considered.”
DHCR’s determination had a rational basis in the record and is not arbitrary and capricious (see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 454 [2004]). As the 2009 order established the legal rent for the subject apartment through May 2008, the doctrine of collateral estoppel precludes petitioner from relitigating that issue, including under the “newly advanced theory” that the rent should be lowered by virtue of the 1994 order (D'Alessandro, 92 AD3d at 422; see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 204 [2011]).
Petitioner makes no substantial argument that he did not have a full and fair opportunity in the 2008 proceeding to raise his claim based on the 1994 rent order (see D'Alessandro, 92 AD3d at 421; Gersten, 88 AD3d at 201-202). Petitioner’s contention that he could not have raised the 1994 order in 2008 because he was not aware of it lacks merit. Although that order was apparently overlooked by DHCR, it is part of the public record. Petitioner’s related argument that his time to seek judicial review of the 2009 order was tolled by virtue of his lack of actual knowledge of the 1994 order is similarly without merit.
Matter of Cintron v Calogero (15 NY3d 347 [2010]) does not provide any basis for remittal to DHCR. In Cintron, the Court of Appeals held that the “four-year limitations/look-back period” applicable to rent overcharge claims does not preclude the agency from considering previously issued rent reduction orders which remain in effect during that period (id. at 355-356). Here, by contrast, petitioner is precluded from raising the 1994 order not by virtue of the four-year limitations period, but rather by the preclusive effect of the 2009 order.
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ. [Prior Case History: 2011 NY Slip Op 31559(U).]