OPINION OF THE COURT
Sheldon Halprin, J.
The decision/order on this motion is as follows:
In these nine[1] nonpayment proceedings, with both sides represented by the same counsel in each case, petitioner moves for partial summary judgment dismissing the respondents’ first affirmative defenses and second counterclaims. Respondents oppose petitioner’s motion and cross-move for summary judgment pursuant to CPLR 3212, based on a defense of incorrect rent.
It is undisputed that in 1991, the then owner of the building located at 550 West 174th Street, New York, N.Y. applied to the Department of Housing Preservation and Development (HPD) for a rehabilitation loan pursuant to article VIII-A (8A loan) of the Private Housing Finance Law. The 8A loan was subsequently approved and the rehabilitation of the building commenced. On February 5, 1993, the Division of Housing and Community Renewal (DHCR), the agency possessing jurisdiction to require housing standards to be maintained in regulated apartments, issued an order reducing rent for the tenants in the building, based on the owner’s failure to maintain a door lock in the vestibule, a window sash/frame in the first floor hall, and janitorial services in the building. The rent reduction order (RRO) issued by DHCR clearly states that “the rent is reduced to the level in effect prior to the most recent guideline increase”; and the owner was directed “to restore the services within 30 days of the issuance order.” On October 6, 1994, although the services in the RRO had not been restored, HPD, without referring to the DHCR order, issued an order asserting that the multiple dwelling had been rehabilitated pursuant to article VIII-A of the Private Housing Finance Law and setting legal regulated *716 rents. Subsequently, the owner filed an appeal to the 1993 RRO, and, without referring to the HPD order, DHCR issued an order on July 22, 1996, denying that appeal and affirming the 1993 reduction order on the grounds that “there is no evidence in the record to support the ownerfs] allegation of repairs or tenant^’] acknowledgment thereof.” Through the years petitioner continued to charge rent increases to the tenants based on the rent as set by the 1994 HPD order, without regard to the 1993 DHCR RRO.
Questions Raised
While the parties in their respective arguments attempt to expand the issues raised before this court, the essence of their arguments leads to one single question: did the HPD order of 1994 supercede, and in effect override, the DHCR rent reduction order?
Petitioner asserts in the affirmative contending that the post-rehabilitation initial rent established by HPD supercedes the DHCR rent reduction order. Petitioner relies specifically on Private Housing Finance Law § 452 (7), which grants HPD the right to, “upon completion of the rehabilitation of a multiple dwelling which is aided by a loan made pursuant to this article, . . . adjust the rent for each rental dwelling unit within the multiple dwelling.” In support of this argument, petitioner further relies on a DHCR ruling in Matter of Simon-Hill (Aug. 9, 2010, DHCR Admin Review docket No. YG210018RT). In that case, involving arguably similar circumstances, the DHCR clearly determined that it did not have “power to modify the rents established in the sort of order issued by HPD.”
After argument and careful consideration of all the documents and evidence submitted by both parties, the court finds that petitioner’s conclusions are without merit. The court accepts as correctly interpreted by petitioner the provisions of Private Housing Finance Law § 452 (7), and follows the determination by DHCR in Matter of Simon-Hill. However, petitioner’s contention that in some way the above provisions and ruling can be interpreted to conclude that the HPD order supercedes the earlier DHCR order is not correct. The two orders are distinct and separate from each other. The issues raised before each agency are different from one another. The DHCR rent reduction order relates to collectible rent, and not to the legal regulated rent. Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-514 grants DHCR the *717 exclusive power to issue rent reduction orders, and to rescind same, to ensure the maintenance of services by owners. The intent of this law is not for the calculation of rent, or for the establishment of the legal regulated rent, but to ensure the maintenance of services by giving the agency the right to withhold rent guideline increases, authorised under the provisions of subdivision (d) of section 26-510. The HPD orders in accordance with section 452 (7) of the Private Housing Finance Law, on the other hand, relate to the establishment of a new legal regulated rent amount. This could be based on the establishment of an initial legal regulated rent by HPD, or an adjustment to the current legal regulated rent calculated “solely on the debt service attributable to the loan . . . .”[2] In essence, based on the particular loan in question, HPD could determine an initial rent or an adjustment amount which can be added to the legal regulated rent, based on the rehabilitation of the premises utilizing a Private Housing Finance Law loan. Such is the case with the 8A loan.
For this reason, petitioner’s reliance on Rent Stabilization Code (RSC) (9 NYCRR) § 2521.1 (d) is misguided. While loans obtained under certain articles of the Private Housing Finance Law may result in HPD issuing an initial rent,[3] 8A loans result in a rent adjustment amount which is added to the current legal regulated rent. This works like a major capital improvement order, which allows the owner to collect an increased amount per room, which is added to the current legal regulated rent. Although RSC § 2521.1 (d) says “the initial legal regulated rent for a housing accommodation in a multiple dwelling for which a loan is made under the PHFL shall be the initial rent established pursuant to such law,” this in no way is to be interpreted as stating that the granting of any loan under the Private Housing Finance Law will result automatically in an initial rent as argued by petitioner. It simply states that where an initial legal regulated rent is issued by HPD, pursuant to a loan made under the Private Housing Finance Law, that initial legal regulated rent becomes the initial rent for the premises. This is supported by the instant 1994 HPD order, which does not utilize the words initial rent, but is titled “Order of Rent Adjustment.” Said order goes on to state that “rental adjustments under this subsection shall have no effect upon the status of: (1) rent stabilized *718 units which will remain stabilized with the rental adjustments added to the then current rent.”[4] HPD decided in this situation to add $5 per room to the current rent to establish a new legal regulated rent. The 1994 HPD order did not establish a new initial rent, but an increase on the current regulated rent.
While various issues may affect the calculation of the legal regulated rent, and the legal regulated rent may continue to increase, the collectible rent is a different issue. The collectible rent has no bearing on the legal regulated rent. Such is the case in a preferential rent situation, where the legal regulated rent continues to increase while the collectible rent is based on the preferential agreement between the parties. Barring very few exceptional circumstances, the owner is not allowed to collect any increases while a rent reduction order is in effect. The evidence submitted in support of the motions reveals that respondents paid in excess of the amount collectible according to the RRO.
In view of this, petitioner’s motion, which seeks partial summary judgment dismissing the respondents’ first affirmative defenses and second counterclaims is denied. However, petitioner is correct in its assertion that to establish an overcharge, respondents have to establish not only that they were charged in excess of the collectible rent, but that they actually paid in excess of that amount. While proof of certain payments was submitted in support of respondents’ cross motion, the documents are insufficient to establish an overpayment at this juncture. This is an issue of fact which requires a trial. As such, respondents’ cross motion which seeks partial summary judgment as to petitioner’s liability for an overcharge is denied.

. There are six other related cases which are being decided separately.

. Private Housing Finance Law § 452 (7).

. See articles XI and XV of the Private Housing Finance Law for such examples.

. It is applicable in the same manner in rent-controlled units.