OPINION OF THE COURT
Per Curiam.
Order, dated November 12, 2013, affirmed, with $10 costs.
In a rent reduction order dated February 5, 1993, the New York State Division of Housing and Community Renewal (DHCR) reduced the legal regulated rent on each apartment at issue in these consolidated nonpayment proceedings, on the ground that the prior building owner failed to provide certain required services. The order also prohibited the owner from charging or collecting any rent increases until the DHCR issued a rent restoration order. On May 29, 2013, DHCR denied the petitioner landlord’s application to restore the rents, finding that the conditions cited in the 1993 order had only been “partially corrected.” DHCR’s 2013 determination was neither reviewed on administrative appeal nor challenged in a CPLR article 78 proceeding.
*35 We reject landlord’s attempt to collaterally attack the 1993 rent reduction order in these 2012 proceedings. A rent reduction order imposes a continuing duty on the owner to charge and collect the reduced legal regulated rent until the DHCR finds that all required services are being provided and a rent restoration order is issued authorizing the owner to charge and collect the actual legal regulated rent (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-514; Rent Stabilization Code [RSC] [9 NYCRR] § 2523.4 [a] [1]; Jenkins v Fieldbridge Assoc., LLC, 65 AD3d 169 [2009], appeal dismissed 13 NY3d 855 [2009]). Administrative determinations are binding on the parties and the courts until either vacated by the issuing agency or set aside upon judicial review (see Katz 737 Corp. v Cohen, 104 AD3d 144, 148 [2012], lv denied 21 NY3d 864 [2013]).
Inasmuch as the extant rent reduction order fixed the legal rent that could be charged and collected by landlord, the doctrine of collateral estoppel precludes landlord from relitigating this issue in these proceedings, including under landlord’s newly advanced theory — that the rent reduction order was superseded by 1994 order of the New York City Department of Housing Preservation and Development (HPD), which adjusted the legal rent for each apartment at issue pursuant to a Private Housing Finance Law article VIII-A rehabilitation loan (see Matter of Sun v Lawlor, 96 AD3d 685, 687 [2012]; Matter of D'Alessandro v New York State Div. of Hous. & Community Renewal, 92 AD3d 421, 421-422 [2012]). Landlord never raised this new argument at DHCR and makes no substantial argument that it did not have a full and fair opportunity to raise the argument before the agency (see D'Alessandro, 92 AD3d at 421). Thus DHCR’s rent reduction order is entitled to collateral estopppel effect precluding the relitigation in court — some two decades later — of the same issues determined before DHCR (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201 [2011]).
We also reject, as did Civil Court, landlord’s contention that the HPD order established an “initial rent” that was not subject to the prior rent reduction order. In advancing this argument, landlord relies upon Rent Stabilization Code (9 NYCRR) § 2521.1 (d), which provides, inter alia, that “the initial legal regulated rent for a housing accommodation in a multiple dwelling for which a loan is made under the Private Housing Finance Law shall be the initial rent established pursuant to such law.” However, the HPD order at issue did not *36 establish an initial rent and, indeed, it could not. While HPD is required to “establish the initial rent” pursuant to loans made under the auspices of articles VIII, XI and XV of the Private Housing Finance Law (see Private Housing Finance Law §§ 405 [1-c]; 576-c [2]; 804), where, as here, the loan is made pursuant to Private Housing Finance Law article VTII-A, HPD is only authorized to make “rent adjustments” (see Private Housing Finance Law § 452 [7]; 28 RCNY 2-04 [a] [2] [i] [A] [“rent stabilized units . . . will remain stabilized with the rental adjustment added to the then current rent”]; see also RSC § 2522.4 [f]). Indeed, the HPD order at issue did not establish a “new initial rent,” as contended by landlord, but simply directed an increase or “rental adjustment” of $5 per room to the current regulated rent, as provided by the Private Housing Finance Law and its implementing regulations. Matter of Simon-Hill (Aug. 9, 2010, DHCR Admin Review docket No. YG210018RT), heavily relied upon by landlord, is distinguishable, since it involved a rehabilitation loan made to a Housing Development Fund Company under Private Housing Finance Law article XI, pursuant to which HPD established the initial rent.
Nor did landlord otherwise demonstrate the absence of material issues of fact as to tenants’ rent overcharge claims. The record now before us raises triable issues as to the amount of rent collected by landlord in excess of that permitted by the rent reduction order during the four-year period preceding the interposition of the rent overcharge claim (see Scott v Rockaway Pratt, LLC, 17 NY3d 739 [2011]; Matter of Cintron v Calogero, 15 NY3d 347 [2010]).
Hunter, Jr., J.P., Shulman and Ling-Cohan, JJ., concur.