Ash Ave LLC v Allison (2025 NY Slip Op 25059)

[*1]

Ash Ave LLC v Allison

2025 NY Slip Op 25059

Decided on March 10, 2025

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 10, 2025
Civil Court of the City of New York, Queens County

Ash Ave LLC, Petitioner,

against
Christiana G. Allison, John Doe, Jane Doe, Respondent.

Index No. L&T 315682/24

Michael R. Cohen, Esq.
New York, NY
Attorney for petitioner
James Tenenbaum, Esq.
Queens Legal Services
Jamaica, NY 
Attorneys for respondent 

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR §§ 3211(a)(1), 3211(a)(7), and RPAPL § 741, or in the alternative, to amend the answer pursuant to CPLR § 3025:
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #9-18)
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #19-20)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #21-24)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.
PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in October 2024. Respondent filed a pro se answer on October 16, 2024. Thereafter, respondent appeared through counsel. Respondent then moved to dismiss on the basis that both the petition and rent demand are [*2]defective because they do not reference a Rent Reduction Order. Following the submission of opposition and reply papers, the court heard argument on the motion on February 25, 2025, and reserved decision.
DISCUSSION/CONCLUSION
Respondent argues that the rent demand and petition are defective because they do not reference a DHCR Rent Reduction Order (RRO), issued under docket number LS 130013 B on February 27, 2024 and because at least one month of rent sought in the rent demand allegedly exceeds the amount that petitioner could collect while the RRO was in effect. The RRO resulted from a finding by DHCR that the phone-based intercom system outside the main entrance door of the subject building was not maintained. The RRO unequivocally applies to respondent, whose name and apartment number (6H) are listed therein. The "Determination" section of the RRO states that "the legal regulated rent is reduced to the level in effect prior to the most recent guidelines adjustment for the tenant's lease which commenced before the effective date of this Order." It further states that "[n]o rent adjustments may be collected after the effective date of this rent reduction Order, 09/01/2023, until a rent restoration order has been issued."
Petitioner opposes respondent's motion to dismiss, and asserts that because respondent's "lower" (preferential) rent was less than even the frozen legal regulated rent that was collectible upon the issuance of the RRO, there is no defect in the rent demand or petition. In support, petitioner references the above language in the RRO, stating that "legal regulated rent is reduced to the level in effect prior to the most recent guidelines adjustment[.]" 
The Court of Appeals has held that "[r]ent reduction orders place a 'continuing obligation' upon an owner to reduce rent until the required services are restored or repairs are made." (Matter of Cintron v. Calogero, 15 NY3d 347, 354-355 [2010]). The statutory support for this sanction is Rent Stabilization Law (RSL) § 26-514, which states in relevant part:
"[A]ny tenant may apply to [DHCR] for a reduction in the rent to the level in effect prior to its most recent adjustment and for an order requiring services to be maintained as provided in this section, and [DHCR] shall so reduce the rent if it is found that the owner has failed to maintain such services. The owner shall also be barred from applying for or collecting any further rent increases. The restoration of such services shall result in the prospective elimination of such sanctions." (RSL § 26-514).
The Appellate Division, Second Department has held that "[i]n empowering the DHCR to issue rent reduction orders, the Legislature intended to motivate owners of rent-stabilized housing accommodations to provide required services, compensate tenants deprived of those services, and preserve and maintain the housing stock in New York City." (Jenkins v. Fieldbridge Assoc., LLC, 65 AD3d 169, 173 [2d Dept 2009]). A rent reduction order bars a landlord from "collecting any further rent increases in rent including vacancy increases and increases from individual apartment increases 'until the DHCR finds that all required services are being provided and a rent restoration order is issued authorizing the owner to charge and collect the actual legal regulated rent." (Diagonal Realty, LLC v. Estella, 73 Misc 3d 137[A], 2021 NY Slip Op 51117[U], *1 [App Term, 1st Dept 2021] [quoting Atsiki Realty, LLC v. Munoz, 48 Misc 3d 33, 35 [App Term, 1st Dept 2015]; see also PWV Acquisition, LLC v. Paradise, 59 Misc 3d [*3]130[A], 2018 NY Slip Op 50430[U] [App Term, 1st Dept 2018]).[FN1]

The somewhat novel issue here is whether the RRO impacts petitioner's ability to increase a "lower rent" that is less than the legal regulated rent while the order is in effect. Petitioner asserts that it is only barred from applying for or collecting rent increases impacting the legal regulated rent. Respondent counters in reply that DHCR's policy interpretation is to include lower rents within the coverage ambit of RROs. Specifically, respondent references DHCR Fact Sheet #14, entitled "Rent Reductions for Decreased Services," which states in part that "[t]he amount of the rent reduction for rent stabilized tenants is generally the most recently charged lease guideline adjustment[.]" (emphasis in original). Respondent also annexes two PAR (Petition for Administrative Review) decisions, under Docket Numbers GQ610049RO and GT610030RO, wherein the DHCR Deputy Commissioner held that the rent freeze resulting from a rent reduction order applied to preferential rents (see NYSCEF Doc. 24).
In assessing the plain language and intent of RSL § 26-514, the language of the RRO here, and DHCR policy, the court finds that an interpretation that applies the rent freeze to a preferential rent is sound. Rent Stabilization Law § 26-514 specifically provides that while a rent reduction order is in effect, "the owner shall . . . be barred from applying for or collecting any further rent increases." (emphasis added). This accords with the legislative intent identified in Jenkins to "motivate owners of rent-stabilized housing accommodations to provide required services . . . and preserve and maintain the housing stock in New York City." (Jenkins, 65 AD3d at 173]). To permit a landlord to raise lower rents while a rent reduction order is in effect, the motivation to act to restore required services would be neutralized (see Anderson A to Anderson G LLC v. Sanchez, 68 Misc 3d 436, 445 [Civ Ct, Bronx County 2020]). The RRO here also contains broadly applicable language that would encompass a lower rent, insofar as it directs that "[n]o rent adjustments may be collected after the effective date of this rent reduction Order[.]" (emphasis added). Accordingly, the court holds that the RRO at issue here froze respondent's contract (lower) rent in effect when the order became effective September 1, 2023. That amount was $1,650.00, pursuant to the lease running from February 1, 2023 through January 31, 2024 (see NYSCEF Doc. 20). 
Having made this determination, however, the court must decide whether petitioner's inclusion of one month of rent at a rate higher than the frozen rent ($1,735.55) for August 2024 rendered the rent demand defective. A proper rent demand is a "statutory prerequisite to a nonpayment proceeding" and "must 'set forth the approximate good faith amount of rent owed' and 'fairly apprise the tenant of the periods for which rent is allegedly due and in what amounts.'" (EOM 106-15 217th Corp. v. Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [quoting Dendy v. McAlpine, 27 Misc 3d 138[A], 2010 NY Slip Op 50890[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010] and Pantigo Professional Ctr., LLC v. Stankevich, 60 Misc 3d 133[A], 2018 NY Slip Op 51039[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]]; see also Rochdale Vil., Inc. v. Chadwick, 73 Misc 3d 131[A], 2021 NY Slip Op 50958[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]). Rent demands that seek rent in excess of what may be collected pursuant [*4]to a rent reduction order may be defective in specific circumstances (see Paradise, 2018 NY Slip Op 50430[U], *2 [Noting that petitioner conceded that its rent demand was defective where a rent reduction rent order froze the rent at $881.71 per month and $3,400 per month pursuant to a fair market lease was sought]; 57 Elmhurst, LLC v. Castillo, 80 Misc 3d 1205[A], 2023 NY Slip Op 50920[U], *2 [Civ Ct, Queens County 2023] [Holding that a demand that sought rent above the frozen rent for a 3-month period was defective because petitioner "knowingly flouted DHCR's rent reduction order."]). 
Here, the court does not find that the inclusion of one month of rent at a rate more than the frozen rent (by an amount of $100.00) renders the demand defective. The total excess amount is 1.6 percent of the total demanded. Generally, "minor inaccuracies in the amounts sought [in a rent demand] should be disregarded." (10 Midwood LLC v. Hyacinth, 2003 NY Slip Op 50789[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; see also Moniaci v. Kelly, 73 Misc 3d 127[A], 2021 NY Slip Op 50884[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; 310 12th St. Assoc. LLC v. Disla, 78 Misc 3d 1211[A], 2023 NY Slip Op 50201[U] [Civ Ct, Kings County 2023]). Although petitioner is a part of the same Zara Realty Holding Company (hereinafter "Zara") portfolio as the petitioner in Castillo (see 57 Elmhurst LLC v. Morales, 82 Misc 3d 1243[A], 2024 NY Slip Op 50531[U] [Including in Footnote 1 a link to Zara's building portfolio]), the precise issue of the applicability of the RRO's rent freeze to the preferential rent represented a valid legal dispute, unlike the patently unfounded position taken by the petitioner in Castillo. Thus, the court denies respondent's request for dismissal on the basis of a defective rent demand.
However, the court finds that the petition is defective to the extent that it states that the current monthly rent at the time of filing (October 1, 2024) was $1,735.55. A petition in a summary proceeding must "state the facts upon which the special proceeding is based" (RPAPL § 741(4)). To that end, "the need to plead rent regulatory status and compliance with the appropriate statutes and codes and to actually be in compliance therewith is necessary for a court to order the requested relief." (Villas of Forest Hills Co. v. Lumberger, 128 AD2d 701, 702 [2d Dept 1987] [emphasis added]; see also Caceres v. Golden, 1991 NY Misc. LEXIS 856 [App Term, 2d Dept, 2nd & 11th Jud Dists 1991]; Homestead Equities v. Washington, 176 Misc 2d 459, 462 [Civ Ct, Kings County 1998, Acosta, J.]). Petitioner's allegation in the petition that the current rent was an amount exceeded what was permitted under the RRO by $100.00, without any reference to the RRO or any explanation as to why it would not apply to an increase taken after it was in effect, does not comport with the longstanding requirement that relevant facts relating to the regulatory status of the subject premises be pleaded. Material misstatements or omissions about rent-stabilized tenancies will subject a petition to dismissal (see Jamaica Seven, LLC v. Villa, 67 Misc 3d 138[A], 2020 NY Slip Op 50630[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Henry v. Kingsberry, 66 Misc 3d 143[A], 2020 NY Slip Op 50175[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Migliaccio v. Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Even assuming petitioner believed that the RRO did not apply to an increase in the lower rent, the absence of any reference to the RRO or its continued applicability was a material omission that frustrated "proper adjudication" of this proceeding (Cintron v. Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; see also Volunteers of Am.-Greater NY, Inc. v. Almonte, 17 Misc 3d 57, 59 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], affd 65 AD3d 1155 [2d Dept 2009] [The regulatory status "may determine [*5]the scope of the tenant's rights[.]"]; Childs, 2019 NY Slip Op 51575, *2; Jeffco Mgt. Corp. v. Local Dev. Corp. of Crown Hgts., 22 Misc 3d 141[A], 2009 NY Slip Op 50455[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).[FN2]

Accordingly, respondent's motion to dismiss is granted to the extent that the court finds that the petition is defective and does not comport with RPAPL § 741. The petition is dismissed and the clerk shall enter a judgment dismissing the petition (see CPLR § 411). Respondent's alternative request to amend the answer is denied as moot and without prejudice. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: March 10, 2025
New York, New York
HON. CLINTON J. GUTHRIE, J.H.C.

Footnotes

Footnote 1:The decision affirmed in Munoz included an observation that a preferential rent comprises the collectible rent, which cannot be increased while a rent reduction order is in effect (see Atsiki Realty LLC v. Munoz, 42 Misc 3d 714, 718 [Civ Ct, NY County 2013])

Footnote 2:To the extent that the petition is theoretically amendable, petitioner has not sought amendment and the court will not amend it sua sponte (see Henry, 2020 NY Slip Op 50175[U], *2; New York City Hous. Auth. v. Sinclair, 21 Misc 3d 133[A], 2008 NY Slip Op 52183[U], *2 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).