■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v CECIL KING, Appellant. [756 NYS2d 752] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about March 7, 2002, which, upon reargument and renewal, adhered to the prior order and judgment (one paper), same court and Justice, dated August 21, 2001, but entered March 20, 2002, which denied respondent's motion to vacate a default judgment granting a stay of the arbitration sought by respondent pursuant to an uninsured motorist endorsement, unanimously affirmed, without costs. Appeal from the order and judgment (one paper) entered March 20, 2002, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

While the motion court purported to deny renewal and reargument, it appears that the merits of the motion were addressed and that the court, in effect, granted reargument and renewal, even though it ultimately adhered to its original determination (*see Freitas v New York City Tr. Auth.*, 297 AD2d 270 [2002]).

The denial of vacatur was a proper exercise of discretion in light of the unexplained delay of nearly three years in seeking such relief (*see Credit Car Leasing Corp. v Elan Group Corp.*, 185 AD2d 109 [1992]; *Komlosi v State of New York*, 288 AD2d 188 [2001]) and the failure to offer proof of compliance with the policy provision requiring a sworn notice of claim (*see Matter of Aetna Cas. & Sur. Co. v Purvis*, 198 AD2d 502 [1993]) or any excuse for such noncompliance (*see Galaxy Ins. Co. v 1454 Nicholas Ave. Assoc.*, 276 AD2d 424 [2000]). Absent a valid excuse, there was no coverage (*see Paramount Ins. Co. v Rosedale Gardens,* 293 AD2d 235, 239 [2002]), and, thus, no basis for any framed issue hearing.

We have considered appellant's other contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.

■ In the Matter of SITRO DE LA CRUZ (Admitted as SITRO PRADO DE LA CRUZ), a Disbarred Attorney. [761 NYS2d 475] —First annual report and affidavit of legal services of the receiver accepted. Concur—Buckley, P.J., Andrias, Saxe, Friedman and Marlow, JJ.