In the Matter of 2084-2086 BPE Associates, Appellant, v State of New York Division of Housing and Community Renewal, Respondent. [790 NYS2d 92]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about December 11, 2003, which, upon reargument, adhered to the court's prior denial of this CPLR article 78 petition to set aside respondent's determination denying petitioner's rent restoration application, unanimously affirmed, without costs.

The original rent reduction proceeding was resolved in 1994-1995. It was no longer pending when, in January 2000, the tenant withdrew her request for the reduction in a stipulation in Housing Court (*see* Rent Stabilization Code [9 NYCRR] § 2520.13). That withdrawal did not mandate the granting of petitioner landlord's rent restoration application. Since the tenant claimed that petitioner had coerced her into signing the rent restoration application and that the services, in fact, had not been restored, respondent agency had the right to inspect the subject apartment.

Petitioner is correct that the bathroom tile conditions are de minimis. Respondent's determination is arbitrary and capricious insofar as it neither adhered to its own prior precedent nor indicated its reasons for reaching a different result on essentially the same facts (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516 [1985]; *see also Matter of Klein v Levin*, 305 AD2d 316, 317-318 [2003], *lv denied* 100 NY2d 514 [2003]). Because respondent did not adopt its de minimis policy until November 1995, i.e., *after* petitioner had filed its petition for administrative review from the original rent reduction order, petitioner's de minimis argument is neither barred by res judicata (*see Matter of Hodes v Axelrod*, 70 NY2d 364, 373 [1987]) nor an impermissible collateral attack (*compare Matter of Jemrock Realty Co. v Roldan*, 256 AD2d 122, 123 [1998]). Respondent failed to show that the issue of de minimis conditions was either raised or decided in the rent reduction proceeding; therefore, collateral estoppel does not apply (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500-501 [1984]).

Nevertheless, respondent's denial of petitioner's rent restoration application is upheld because petitioner did not restore *all* services (*see e.g. Matter of ANF Co. v Division of Hous. & Com-*

*munity Renewal*, 176 AD2d 518, 520 [1991]). While petitioner has shown that the bathroom tiles are a de minimis condition, it has not shown that the missing dining room doors are de minimis (*see* Rent Stabilization Code § 2523.4 [e]).

In an attorney's affirmation, petitioner claimed for the first time in this CPLR article 78 proceeding that respondent's inspector was biased in favor of the tenant. However, the attorney's affirmation gives no indication of first-hand knowledge, so it is without evidentiary value (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). The alleged fraternization does not appear to be newly discovered evidence; hence, petitioner may not raise before the court a new issue that it failed to raise before respondent (*see e.g. Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756 [1982], *affd* 58 NY2d 952 [1983]). Concur—Tom, J.P., Andrias, Ellerin, Gonzalez and Catterson, JJ.