SOLOMON ZWIEBEL et al., Appellants, v SHMIEL D. GUTTMAN, Defendant, and WILLIAMSBURG LEASING et al., Respondents. [809 NYS2d 214]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notices of appeal and brief, from so much of (1) an order of the Supreme Court, Kings County (Jackson, J.), dated April 15, 2004, as granted those branches of the separate cross motions of the defendants Williamsburg Leasing and Chase Manhattan Auto Finance Corp. which were for leave to amend their answer to include a counterclaim against the plaintiff Solomon Zwiebel for contractual indemnification, and granted that branch of the cross motion of the defendant Chase Manhattan Auto Finance Corp. which was to disqualify their attorney, and (2) an order of the

same court dated December 13, 2004, as, in effect, upon granting that branch of their motion which was for reargument, adhered to the prior determination.

Ordered that the appeals by the plaintiffs Faigy Zwiebel, Yaakov T. Bron, and Chana Bron from so much of the order dated December 13, 2004, as, upon reargument, adhered to so much of the prior determination as granted those branches of the separate cross motions of the defendants Williamsburg Leasing and Chase Manhattan Auto Finance Corp. which were for leave to amend their answer to include a counterclaim against the plaintiff Solomon Zwiebel for contractual indemnification are dismissed, without costs or disbursements, as those plaintiffs are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal from the order dated April 15, 2004, is dismissed, without costs or disbursements, as that order was superseded by that portion of the order dated December 13, 2004, which was made upon reargument; and it further,

Ordered that the order dated December 13, 2004, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the prior determination granting that branch of the cross motion of the defendant Williamsburg Leasing which was for leave to amend the answer to include a counterclaim against the plaintiff Solomon Zwiebel for contractual indemnification, and substituting therefor a provision which, upon reargument, denies that branch of that cross motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Solomon Zwiebel, without costs or disbursements.

On December 7, 2001 the plaintiff Solomon Zwiebel entered into a lease with the defendant Williamsburg Leasing for a GMC Yukon. The lease agreement indicated that Williamsburg Leasing was "assign[ing] all rights under and title and interest in and to the [Yukon] and the [l]ease to" the defendant Chase Manhattan Auto Finance Corp. (hereinafter Chase).

A few months later, the defendant Shmiel Guttman, who was driving the Yukon with Zwiebel's permission, suddenly lost control of the vehicle. Zwiebel and the plaintiff Yaakov Bron, who were passengers in the vehicle, were both injured when the Yukon rolled over.

Subsequently, Zwiebel and Bron, along with their wives, who asserted derivative claims, commenced the instant action against Guttman, Williamsburg Leasing, and Chase, to recover damages for personal injuries. In the first order appealed from, dated April 15, 2004, the Supreme Court determined that Gutt-

man had no non-negligent explanation for having lost control of the Yukon, and that Williamsburg Leasing and Chase could be held vicariously liable for Guttman's negligence (*see* Vehicle and Traffic Law § 388 [1]). Thus, the Supreme Court, inter alia, granted the plaintiffs' motion for summary judgment on the issue of liability.

The Supreme Court also granted those branches of the cross motions of Williamsburg Leasing and Chase which were for leave to amend their answer to include a counterclaim against Zwiebel for contractual indemnification, based on an indemnification provision in the lease agreement. In the second order appealed from, dated December 13, 2004, the Supreme Court, inter alia, in effect, granted Zwiebel's motion for reargument, and upon reargument, adhered to its prior determination.

The Supreme Court, upon reargument, should have denied that branch of the cross motion of Williamsburg Leasing which was for leave to amend the answer to assert a counterclaim against Zwiebel for contractual indemnification. Williamsburg Leasing, which, as noted above, assigned all of its rights under the lease agreement to Chase, lacked standing to enforce its indemnification provision (*see Ull v Lerner*, 308 AD2d 396 [2003]; *Singer v Boychuk*, 194 AD2d 1049 [1993]). In contrast, since Zwiebel failed to demonstrate that he would be unduly prejudiced if Chase was allowed to assert the counterclaim (*see Sievert v Morlef Holding Co.*, 220 AD2d 403 [1995]), and failed to clearly establish that Chase could not succeed on the counterclaim (*cf. ELRAC, Inc. v Ward*, 96 NY2d 58 [2001]; *Morris v Snappy Car Rental*, 84 NY2d 21 [1994]), the Supreme Court correctly adhered to its prior determination permitting Chase to assert the counterclaim (*see* CPLR 3025 [b]). In addition, under the circumstances, the Supreme Court correctly adhered to its prior determination disqualifying the plaintiffs' attorney (*see* Code of Professional Responsibility DR 5-105 [a], [b] [ 22 NYCRR 1200.24 (a), (b)]; Code of Professional Responsibility DR 5-108 [a] [22 NYCRR 1200.27 (a) (1)]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.