21ST CENTURY DIAMOND, LLC, Respondent, v ALLFIELD TRADING, LLC, et al., Appellants. ALLFIELD TRADING, LLC, Third-Party Plaintiff-Appellant, v EXELCO GROUP et al., Doing Business as EXELCO NORTH AMERICA, INC., Third-Party Defendants-Respondents. [931 NYS2d 50]—

Plaintiff 21st Century Diamond, LLC (21st Century), a Delaware limited liability company, was organized to engage in the business of diamond wholesaling. 21st Century's members are defendant and third-party plaintiff Allfield Trading, LLC (Allfield), which holds an 18% interest, and third-party defendant Exelco Group doing business as Exelco North America, Inc. (Exelco), which holds an 82% interest. Although Allfield is the minority member, its principals, defendants Joshua Allen and Robert Cornfield, were formerly designated 21st Century's managers. After the relationship between Allfield and Exelco deteriorated, Exelco, as holder of the majority interest, removed Allen and Cornfield as managers and caused 21st Century to commence this action against Allfield, Allen and Cornfield. In response, defendants asserted counterclaims against 21st Century and Allfield, directly and derivatively on behalf of 21st Century, and brought a third-party action against Exelco and Exelco's owner and manager (respectively, third-party defendants Jean-Paul Tolkowsky and Fazal Chaudhri) and a diamond brokerage firm and its principal (third-party defendants Isidor Inc. and Ori Levy). At issue on this appeal is the motion court's

dismissal of Allfield's first three counterclaims and of the third-party complaint in its entirety.*

The motion court erred in dismissing the third-party complaint's second, third and fourth causes of action, which allege, respectively, breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty (against Exelco) and aiding and abetting breach of fiduciary duty (against Tolkowsky, Chaudhri, Isidor and Levy). Accepting the factual allegations of the third-party complaint as true, and drawing all reasonable inferences in the pleader's favor, Allfield has made out a claim that Exelco breached its fiduciary duty as majority member of 21st Century and the covenant of good faith and fair dealing implied in 21st Century's operating agreement. Specifically, the third-party complaint alleges that Exelco usurped for itself a prospective supply deal with a major diamond retailer (Sterling Jewelers, Inc.) that Allen and Cornfield were in the process of negotiating on 21st Century's behalf when they were removed from management. While 21st Century's operating agreement permits each member to engage in outside activities "compet[ing] with the business of the Company," that provision did not entitle Exelco to use 21st Century's proprietary information to appropriate for itself a business opportunity that 21st Century had been pursuing (cf. Kahn v Icahn, 1998 WL 832629, *4, 1998 Del Ch LEXIS 223, *15 [1998], affd 746 A2d 276 [Del 2000] [in dismissing a usurpation claim where the partnership agreement permitted competition with the entity, the court noted that the plaintiffs did not "plead specific facts by which [the court] might reasonably infer that there was misappropriation of information, unlawful redirection or personal use of partnership resources or some sort of misappropriation of proprietary investment research"]). In addition, the third-party complaint, construed liberally, states a cognizable claim against Exelco, as majority member of 21st Century, for oppression of Allfield, as minority member, by freezing the latter out of the business and depriving it of the benefit of its interest. Determining whether these claims have merit must await the development of a factual record.

Defendants' first three counterclaims against 21st Century, as well as the third-party complaint's first cause of action against Exelco, were correctly dismissed. These claims are all based on

---

* Although the order appealed from purportedly denied a motion to reargue, it is appealable because the court, in adhering to its prior decision, addressed the parties' arguments on the merits (see Premier Capital v Damon Realty Corp., 299 AD2d 158 [2002]). We note that the fourth and fifth counterclaims, which the motion court sustained, are not at issue on this appeal.

the contention that certain actions and resolutions that Exelco caused 21st Century to take in May and June of 2009 (principally, the commencement of this action and the removal of Allen and Cornfield from management) were breaches of the operating agreement in that they were taken without adherence to the usual procedures set forth in the operating agreement (such as giving Allfield notice of a meeting of the members). This claim is unavailing because section 5.8 of the operating agreement (entitled "Action Without Meeting") provides in pertinent part: "Any action required or permitted to be taken at any meeting of the Members may be taken without a meeting, without prior notice and without a vote, if Members holding voting interests sufficient to authorize such action at a meeting at which all of the Members entitled to vote thereon were present and voted consent thereto in writing." This provision is enforceable under Delaware law (*see* Del Code Ann, tit 6, § 18-404 [d]). Accordingly, the operating agreement permitted Exelco, as majority member, to cause 21st Century to take the challenged actions (commencement of this action and removal of Allen and Cornfield from management) by voting for those actions in writing, which it did.

We reject defendants' argument that unanimity was required for the actions in question. While the operating agreement requires the members' unanimous approval for dissolution, commencing this lawsuit and removing certain managers did not amount to a "de facto dissolution" of the company. Nor is a different result required by section 5.2 of the operating agreement, which provides that the company's affairs "shall be managed by the Members" and that "[t]he Members shall . . . vote on all . . . decisions of the Company." Section 5.2 is a general provision prescribing how the company's business is to be conducted under ordinary circumstances. Section 5.8, on the other hand, permits action to be taken without a meeting of the members in the event their relationship has broken down, as occurred in this case (*cf. Crane, A.G. v 206 W. 41st St. Hotel Assoc., L.P.*, 87 AD3d 174, 176 [2011]).

We have considered Allfield's arguments that the motion court erred in dismissing its remaining third-party claims and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, DeGrasse and Manzanet-Daniels, JJ.