Defendant Leung failed to meet his prima facie burden of showing that plaintiff did not suffer a serious injury to his lumbar spine since his sole medical expert, a neurologist, did not report the results of any range of motion testing, review the MRI film of plaintiffs spine, or offer any alternative opinion as to causation (see Perl v Meher, 18 NY3d 208 [2011]; Toure v Avis Rent A Car Sys., 98 NY2d 345, 350, 353 [2002]; McCree v Sam Trans Corp., 82 AD3d 601 [1st Dept 2011]). Moreover, defendant’s neurologist acknowledged a 50% deficit in straight leg raising, which provides objective evidence of lumbar injury (see Brown v Achy, 9 AD3d 30, 32 [1st Dept 2004]), and did not adequately explain that finding (see Feaster v Boulabat, 77 AD3d 440 [1st Dept 2010]). Thus, the burden did not shift to plaintiff, who, in any event, raised an issue of fact with respect thereto by submitting the affirmation of his treating physician, who found recent limitations of range of motion in all planes, and relied on objective evidence, including an EMG/NCS study and MRI report (see Colon v Bernabe, 65 AD3d 969, 970 [1st Dept 2009]; Brown v Achy, 9 AD3d at 31-32).
*490 Furthermore, contrary to the Supreme Court’s holding, it was not necessary for plaintiff to proffer evidence of range of motion deficits contemporaneous with the accident, and, in any event, the physician reported that such limitations existed then (see Perl v Meher, 18 NY3d at 217-218; Paulino v Rodriguez, 91 AD3d 559, 559-560 [1st Dept 2012]). Defendant Leung did not raise a gap in treatment argument in his motion papers (Tadesse v Degnich, 81 AD3d 570 [1st Dept 2011]), and, in any event, plaintiffs treating physician proffered an explanation sufficient to raise an issue of fact (see Pommells v Perez, 4 NY3d 566, 577 [2005]; Jean-Louis v Gueye, 94 AD3d 504, 505 [1st Dept 2012]).
The order purporting to deny plaintiff’s cross motion to reargue addressed the merits and, in so doing, in effect, granted plaintiffs motion and, therefore, the appeal taken therefrom is properly before this Court (see 21st Century Diamond, LLC v Allfield Trading, LLC, 88 AD3d 558, 559 n [1st Dept 2011]; Matter of State Farm Mut. Auto. Ins. Co. v King, 304 AD2d 390 [1st Dept 2003]). For the foregoing reasons, the cross motion to reargue should have been granted and, upon doing so, the order granting defendant Leung’s motion denied, and defendant Rosillo’s motion denied. Concur — Saxe, J.E, Sweeny, Richter, AbdusSalaam and Román, JJ.