Order, Supreme Court, New York County (Lawrence K. Marks, J.), entered on or about July 24, 2012, which, insofar as appealed from, granted third-party plaintiffs’ motion for leave to amend their complaint, unanimously modified, on the law, to deny leave to add claims relating to the Robbins Brothers corporate opportunity, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 9, 2013, which, insofar as appealed from, granted third-party plaintiffs’ motion for leave to file a second amended third-party complaint, unanimously modified, on the law, to deny leave to add the cause of action for an injunction, and otherwise affirmed, without costs.
The motion court properly granted the portion of third-party plaintiffs’ first motion to amend the complaint seeking to add a breach of fiduciary duty claim against third-party defendants Jean-Paul Tolkowsky and Fazal Chaudhri. Liberally construed, the proposed amended third-party complaint alleges that Chaudhri, plaintiffs designated manager, owes a fiduciary duty to plaintiff (a Delaware limited liability corporation) and that Tolkowsky owes a duty to plaintiff because he became its de facto manager, having seized control of plaintiff (see Feeley v NHAOCG, LLC, 62 A3d 649, 660 [Del Ch 2012] [and cases cited therein]; see also Bay Ctr. Apts. Owner, LLC v Emery Bay PKI, LLC, 2009 WL 1124451, *12, 2009 Del Ch LEXIS 54, *45 [Apr. 20, 2009, C.A. No. 3658-VCS]).
Third-party defendants Exelco North America, Inc., Tolkowsky, and Chaudhri lack standing to argue that Exelco NY Exelco International, FTK, Doe Corporations 1-100, Doe *616 L.L.C.s 1-100, Doe L.P.s 1-100, and Doe NVs 1-100 should not have been added as third-party defendants (see Zwiebel v Guttman, 26 AD3d 429, 430 [2d Dept 2006]). We note that Exelco NV¡ Exelco International, and FTK have a pending motion to dismiss the claims against them.
With respect to third-party plaintiffs’ second motion to amend the complaint, we noted in a prior decision in this action that the third-party complaint, liberally construed, states a cognizable claim against Exelco, as majority member of 21st Century, for oppression of third-party plaintiff Allfield Trading, LLC, as minority member, “by freezing the latter out of the business and depriving it of the benefit of its interest” (21st Century Diamond, LLC v Allfield Trading, LLC, 88 AD3d 558, 559 [1st Dept 2011]), and we upheld third-party plaintiffs’ claims for breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty on that basis (id.). Thus, the mere fact that Exelco North America, as the 82% owner of plaintiff, had the right under the operating agreement to call for an additional capital contribution does not mean that the proposed second amended third-party complaint fails to state a claim, given its allegation that Exelco North America called for the additional capital contribution in bad faith and for an improper purpose. In addition, the part of the second amended third-party complaint alleging that Exelco North America did not comply with the operating agreement when it diluted Allfield Trading shares down to 4% because it failed to take into account all of Allfield Trading’s capital contributions (i.e., those made via services as opposed to cash) states a cause of action.
However, third-party plaintiffs are not entitled to injunctive relief because they can be compensated by money damages (see Louis Lasky Mem. Med. & Dental Ctr. LLC v 63 W. 38th LLC, 84 AD3d 528 [1st Dept 2011]; Bartley v Walentas, 78 AD2d 310, 312 [1st Dept 1980]). A claim for the dilution of the cash value of one’s shares “clearly states a claim for money damages” (Rovner v Health-Chem Corp., 1996 WL 377027, *13, 1996 Del Ch LEXIS 83, *37 [July 3, 1996, civ. action No. 15007], appeal refused 682 A2d 627 [Del 1996]). Under the circumstances of this case, the dilution of Allfield Trading’s voting interest from 18% to 4% did not constitute irreparable harm (see Rovner, 1996 WL 377027, *13, 1996 Del Ch LEXIS 83, *39). Concur— Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.