OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
This nonpayment proceeding was commenced by landlord to recover unpaid rent at the rate of $1,272 per month for the subject rent-stabilized apartment. Lucie Delice (tenant) served an answer which included a counterclaim, and, on June 20, 2012, while appearing pro se, entered into a stipulation pursuant to which, among other things, a final judgment was to be entered awarding landlord possession and the sum of $5,759.90, a warrant was to issue, tenant was to make specified payments on specified dates, and landlord could execute the warrant upon tenant’s default. A final judgment was entered as against tenant on that date. On July 26, 2012, the parties entered into a second so-ordered stipulation which amended the payment schedule. In August 2012, tenant moved to vacate the final judgment. The Civil Court denied the motion by order dated August 31, 2012.
*57 Tenant then moved, insofar as is relevant to this appeal, for leave to renew her prior motion and, upon renewal, to vacate the final judgment; to vacate the two so-ordered stipulations; for leave to file an amended answer which included an affirmative defense and counterclaim alleging that landlord had been seeking to collect a rent overcharge; and for summary judgment dismissing the petition based upon tenant’s rent-overcharge claims. In support of her motion, tenant demonstrated that the New York State Division of Housing and Community Renewal (DHCR) had issued a rent reduction order on March 14, 1996, which had frozen the rent for the subject apartment at $658.13 based upon landlord’s failure to provide services, and that no restoration order had ever been issued by DHCR. Tenant argued, therefore, that the monthly rent of $1,272 sought by landlord in this proceeding was unlawful.
Landlord appeals from so much of an order of the Civil Court dated May 22, 2013 as vacated the stipulations and the final judgment entered pursuant thereto, granted tenant leave to file an amended answer and deemed the answer attached to tenant’s motion to have been served and filed, and dismissed the petition based upon the affirmative defense that the monthly rent upon which this proceeding was based was unlawful. Landlord argues on appeal that it had restored the services at issue in the rent reduction order and, therefore, that no restoration order was necessary in order to restore the rent, and that, in any event, vacancy increases are permitted even when a rent reduction order is in place.
Contrary to landlord’s contention, it is clear that rent restoration is permitted only upon a determination by DHCR that a landlord is entitled to restoration (Rent Stabilization Code [RSC] [9 NYCRR] § 2523.3 [“nor shall any owner be entitled to a rent restoration based upon a restoration of services unless such restoration of services has been determined by the DHCR”]; DHCR Policy Statement 90-2 [“where DHCR determines that an owner has failed to maintain services, such owner shall not be entitled to a rent restoration until he or she has made an application and DHCR issues an order restoring the rent”]; see Atsiki Realty LLC v Munoz, 48 Misc 3d 33, 35 [App Term, 1st Dept 2015]), and the calculation in this proceeding of the rent due must take into account the rent reduction order still in effect from 1996 (see Scott v Rockaway Pratt, LLC, 17 NY3d 739 [2011]; Matter of Cintron v Calogero, 15 NY3d 347 [2010]).
*58 Contrary to landlord’s second argument on appeal, it is equally clear that a landlord is not entitled to collect vacancy increases while a rent reduction order is in effect. Rent Stabilization Law (RSL) (Administrative Code of City of NY) § 26-514 states that, during the pendency of a rent reduction order, “[t]he owner shall also be barred from applying for or collecting any further rent increases” (emphasis added). Until January of 2014, RSC § 2523.4 (a) (1) similarly stated that a rent reduction order will “bar the owner from applying for or collecting any further increases in rent. . . until such services are restored” (emphasis added). While some courts, relying on DHCR opinion letters, have held that, because vacancy increases are set by statute (RSL § 26-511 [c] [5-a]; see also RSC § 2522.8 [a] [implementing RSL § 26-511 (c) (5-a)]), they are not frozen by rent reduction orders (see e.g. IG Second Generation Partners v Young, NYLJ, May 1, 2002 at 22, col 6 [Civ Ct, NY County 2002]), there has never been language in RSL § 26-514 or RSC § 2523.4 (a) (1) from which a court could conclude that the phrases “any further rent increases” or “any further increases in rent” referred only to increases set by the New York City Rent Guidelines Board and not to increases set by statute or regulation (cf. Bradbury v 342 W. 30th St. Corp., 84 AD3d 681 [2011]). Indeed, a 2014 amendment to RSC § 2523.4 (a) (1) clarified that “any further increases in rent” includes “increases pursuant to section 2522.8 of this Title” (vacancy increases).
In view of the foregoing, the Civil Court properly vacated the stipulations and the final judgment entered pursuant thereto (see e.g. Tabak Assoc., LLC v Vargas, 48 Misc 3d 143[A], 2015 NY Slip Op 51314[U] [App Term, 1st Dept 2015]), properly granted tenant leave to file an amended answer which alleges that this proceeding is based upon landlord’s attempt to collect a rent overcharge, and properly dismissed the petition on the ground that it is based upon landlord’s attempt to collect a rent overcharge (see 239 Troy Ave., LLC v Langdon, 38 Misc 3d 141 [A], 2013 NY Slip Op 50221 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Accordingly, the order, insofar as appealed from, is affirmed.
Elliot, J.R, Pesce and Solomon, JJ., concur.