Chauncey Equities, LLC, Respondent,
against
Thomas Murphy, Appellant.




Brooklyn Legal Services (Andrew A. Ortiz of counsel), for appellant.
Green & Cohen, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Julie Poley, J.), entered May 11, 2017. The order, insofar as appealed from, denied the branches of tenant's motion seeking to vacate a stipulation of settlement, and a final judgment of that court entered September 13, 2016 upon tenant's failure to appear or answer the petition, and for leave to file an amended answer, in a nonpayment summary proceeding.




ORDERED that the order, insofar as appealed from, is reversed, without costs, the branches of tenant's motion seeking to vacate the stipulation of settlement and the final judgment, and for leave to file an amended answer are granted, the amended answer is deemed served and filed, and the matter is remitted to the Civil Court for all further proceedings.
In June 2016, landlord commenced this nonpayment proceeding seeking rent at the rate of $1,600 per month from March 2016. Upon tenant's failure to appear or answer the petition, landlord obtained a final judgment and warrant on September 13, 2016, and thereafter evicted tenant on November 3, 2016. The next day, tenant moved, pro se, to vacate the final judgment and be restored to possession, claiming that he had not been served with the notice of petition and petition or a marshal's notice. Landlord opposed the motion, arguing that tenant had failed to assert a reasonable excuse for the default or a meritorious defense to the proceeding, and that large amounts of rent were due and owing, plus $1,660 in legal and marshal's fees. The $1,660 amount included fees associated with opposing and appearing in court on the posteviction [*2]motion. While tenant was still out of possession, the parties entered into a stipulation of settlement dated November 9, 2016, wherein landlord agreed to restore tenant to possession, tenant tendered several months' rent in court, and tenant agreed to pay the balance of the arrears ($8,000) within two weeks, plus $2,000 in legal and marshal's fees, also to be paid within two weeks. After unsuccessfully moving pro se for relief from the stipulation and final judgment, tenant obtained the assistance of Brooklyn Legal Services, which moved to vacate the stipulation and final judgment, asserting various defenses, including a substantial breach of the warranty of habitability, a rent-overcharge claim, and landlord's failure to provide a legally required renewal lease, which had stymied tenant's efforts to obtain grants to pay the arrears. The Civil Court granted tenant's motion only to the extent of granting another two-week extension to pay the arrears, finding that tenant had received the "benefit of his bargain" in the November 9, 2016 stipulation.
The court retains control over the enforcement of stipulations and may relieve a party from the terms thereof where it would "permit the other party to gain an unconscionable advantage" (Bank of NY v Forlini, 220 AD2d 377, 378 [1995] [internal quotation marks omitted]) or if it "appears that the stipulation was entered into inadvisedly" (Matter of Frutiger, 29 NY2d 143, 149-150 [1971]). Here, such relief would have been appropriate since, in support of the motion to vacate, tenant showed that he had entered into the stipulation while appearing pro se and having been evicted the previous day, and that he had inadvertently waived several meritorious defenses, and he made a prima facie showing of a rent overcharge and a breach of the warranty of habitability (see e.g. 130 E. 18th, L.L.C. v Mitchel, 50 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Tabak Assoc., LLC v Vargas, 48 Misc 3d 143[A], 2015 NY Slip Op 51314[U] [App Term, 1st Dept 2015]; Berco Realty LLC v Thiombiano, 45 Misc 3d 129[A], 2014 NY Slip Op 51564[U] [App Term, 1st Dept 2014]). In addition, tenant established an adequate excuse for the default.
Accordingly, the order, insofar as appealed from, is reversed, the branches of tenant's motion seeking to vacate the stipulation of settlement and final judgment, and for leave to file an amended answer are granted, the amended answer is deemed served and filed, and the matter is remitted to the Civil Court for all further proceedings.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 11, 2019