Crockett v 351 St. Nicholas Ave. LLC (2020 NY Slip Op 00240)





Crockett v 351 St. Nicholas Ave. LLC


2020 NY Slip Op 00240


Decided on January 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 14, 2020

Renwick, J.P., Kapnick, Mazzarelli, Webber, JJ.


10771 159061/17

[*1] Scott Crockett, Plaintiff-Respondent,
v
351 St. Nicholas Avenue LLC, Defendant-Appellant.


Sperber Denenberg & Kahan, P.C., New York (Jacqueline Handel-Harbour of counsel), for appellant.
Harwood Reiff LLC, New York (Simon W. Reiff of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.) entered April 29, 2019, which granted plaintiff's motion for summary judgment, inter alia, declaring that he is entitled to a rent stabilized lease and awarding him overcharges, treble damages and attorneys' fees, and referred the calculation of treble damages and attorneys' fees to a judicial hearing officer or special referee, unanimously modified, on the law, to direct that the J.H.O. or referee determine whether plaintiff is entitled to any other damages, in accordance herewith, and otherwise affirmed, without costs.
The motion court correctly determined that defendant's receipt of J-51 tax benefits for the building during plaintiff's tenancy conferred rent-stabilized status on his apartment for at least the duration of his occupancy (Roberts v Tishman Speyer Props., L.P., 13 NY3d 270 [2009]). Even if the building briefly lost its rent-regulated status under Rent Stabilization Law (Administrative Code of City of NY) § 26-403(e)(2)(f) following a foreclosure and sale to the City of New York, by the time the building was sold to defendant's predecessor in interest, it had reverted to its rent stabilized status under Administrative Code § 26-507, which in any event pre-dated the building's receipt of J-51 benefits.
There is no basis on which the court could set aside the rent reduction order issued by Division of Housing and Community Renewal (DHCR) in 1998, which was never appealed or challenged by defendant or its predecessor in interest (Rent Stabilization Code [9 NYCRR] § 2523.3; Matter of Cintron v Calogero, 15 NY3d 347, 356 [2010]). Defendant argues that the condition upon which the rent reduction order was based was de minimis. However, even if the court could have disregarded DHCR's determination, defendant failed to present any evidence that the condition did not warrant the enforcement of the order.
The court correctly determined that defendant's belief that its predecessor's J-51 application had been withdrawn — which is belied by the receipt of 11 years of tax abatements — and its similarly unfounded belief that the court could disregard DHCR's rent reduction order failed to rebut the presumption of willfulness as to the rent overcharge, thereby warranting treble damages (see Draper v Georgia Props., 230 AD2d 455, 460 [1st Dept 1997], affd 94 NY2d 809 [1999]).
Although the court's calculation of overcharges was correct under the law at the time its order was entered, plaintiff contends that the changes to the law under the Housing Stability and Tenant Protection Act (L 2019, ch 36) warrant a recalculation of the damages to reflect the extension of the statute of limitations in overcharges cases from four years to six years (CPLR 213-a). Because, by order entered July 23, 2019, we stayed the hearing on treble damages and attorneys' fees pending the hearing and determination of this appeal, we now modify the scope of the reference to determine whether any other damages are warranted consistent herewith (see Dugan v London Terrace Gardens, L.P., 177 AD3d 1, 10 [1st Dept. 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 14, 2020
CLERK