Diagonal Realty, LLC v Estella (2021 NY Slip Op 51117(U))

[*1]

Diagonal Realty, LLC v Estella

2021 NY Slip Op 51117(U) [73 Misc 3d 137(A)]

Decided on November 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Hagler, Silvera, JJ.

570110/21

Diagonal Realty, LLC,
Petitioner-Landlord-Respondent,
against
Francisco Estella, Respondent-Tenant, and Luis Reinoso and Geanette
Compres, Respondents-Tenants-Appellants.

Tenants Luis Reinoso and Geanette Compres appeal from an order of the Civil Court of the
City of New York, New York County (Elizabeth J. Yalin Tao, J.), dated August 12, 2020, which
denied their motion for summary judgment dismissing the petition and on the counterclaims, and
from an order (same court and Judge), dated April 14, 2021, which denied their motion to
reargue the prior order.

Per Curiam.
Order (Elizabeth J. Yalin Tao, J.), dated April 14, 2021, reversed, with $10 costs, and
tenants' motion granted to the extent of awarding them summary judgment dismissing the
petition and partial summary judgment on the counterclaims on the issue of liability, and the
matter remanded to Civil Court for an assessment to determine the amount of the overcharge, as
well as the treble damages to be awarded thereon, and the reasonable value of the attorneys' fees
due tenants. Appeal from order (same court and Judge), dated August 12, 2020 dismissed,
without costs, as superseded by the order on reargument.
While the motion court in its April 14, 2021 order purported to deny tenants' motion for
reargument, the merits of the motion were addressed and the court, in effect, granted reargument,
even though it ultimately adhered to its original determination. Therefore, the April 14, 2021
order is appealable (see Jackson v
Leung, 99 AD3d 489, 490 [2012]; Matter of State Farm Mut. Auto Ins. Co. v
King, 304 AD2d 390 [2003]).
Pursuant to rent reduction orders issued in 1989 and 1991, DHCR found that the prior owner
failed to provide certain required services and reduced the legal regulated rent (which was then
less than $300 per month) for the subject stabilized premises. This order was a continuing
obligation upon the owner and its successors (see Matter of Cintron v Calogero, 15 NY3d 347 [2010]; Jenkins v Fieldbridge Assoc., LLC, 65
AD3d 169, 172-173 [2009], appeal dismissed 13 NY3d 855 [2009]) and barred
landlord from collecting any further increases in rent including vacancy increases and increases
for individual apartment improvements "until the DHCR finds that all required services are being
provided and a rent restoration order is issued authorizing the owner to charge and collect the
actual legal regulated rent" (Atsiki
Realty LLC v Munoz, 48 Misc 3d 33 [App Term, 1st Dept 2015]; see PWV Acquisition, LLC v Paradise,
59 Misc 3d 130[A], 2018 NY Slip Op 50430[U] [App Term, 1st Dept 2018]; 130 E. 18th, L.L.C. v Mitchel, 50 Misc
3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Rent Stabilization Code
[9 NYCRR] § 2523.4[a][1]). Since it is undisputed that DHCR has not issued a rent
restoration order, the subject apartment did not become exempt from stabilization due to any
high rent vacancy that allegedly occurred before tenants entered into possession (see PWV Acquisition, LLC v Paradise,
59 Misc 3d 130[A]), and the petition alleging that the apartment is exempt from coverage
should have been dismissed on tenants' summary judgment motion.
The record also conclusively establishes that tenants were overcharged, paying a monthly
rent far in excess of the reduced rent. Moreover, treble damages are warranted, because landlord
failed to establish by a preponderance of the evidence that the overcharge was not willful (see Altschuler v Jobman 478/480,
LLC., 135 AD3d 439, 441 [2016], lv dismissed 28 NY3d 945 [2016], lv
denied 29 NY3d 903 [2017]; Matter of Hargrove v Division of Hous. & Community
Renewal, 244 AD2d 241, 242 [1997] [an overcharge is presumed willful, and warrants a
treble damage award unless the owner establishes by a preponderance of the evidence that the
overcharge was not willful]). Landlord's unfounded contention that the rent reduction orders were
resolved in a 2000 Housing Court stipulation did not rebut the presumption of willfulness (see Crockett v 351 St. Nicholas Ave.
LLC, 179 AD3d 486 [2020]; PWV Acquisition, LLC v Paradise, 59 Misc 3d 130[A]).
Inasmuch as tenants are the prevailing parties in this litigation, they are entitled to attorneys'
fees pursuant to the lease and the reciprocal provisions of Real Property Law § 234, and
Rent Stabilization Code § 2526.1(d).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 26, 2021