Everett v Equinox Holdings, Inc. (2024 NY Slip Op 02276)

Everett v Equinox Holdings, Inc.

2024 NY Slip Op 02276

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 160635/19 Appeal No. 2039-2040 Case No. 2023-04045, 2023-04066 

[*1]Davi Everett, Appellant,
v
Equinox Holdings, Inc., Respondent. 

Hach & Rose, LLP, New York (Jason Levine of counsel), for appellant.
LaRocca Hornik Rosen & Greenberg LLP, New York (John L. Garcia of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 27, 2023, which granted defendant's motion to quash a subpoena plaintiff served on a nonparty witness after the note of issue was filed, suppress the witness statement obtained during the statutory discovery stay, preclude the witness from testifying at trial, and for an award of sanctions against plaintiff in the form of reasonable attorneys' fees to be recovered from plaintiff's attorney, and order, same court and Justice, entered June 6, 2023, which, in effect, granted plaintiff's motion to reargue defendant's motion to quash and for a protective order and, upon reargument, adhered to its prior order, unanimously modified, on the law, to deny defendant's motion insofar as it sought to suppress the witness statement, preclude the witness's testimony at trial and to award sanctions against plaintiff, and otherwise affirmed, without costs.
Although the motion court denied plaintiff's motion to reargue, the order is nonetheless appealable because the court addressed the merits of the motion, in effect, granting it and adhering to its prior determination (see Jackson v Leung, 99 AD3d 489, 490 [1st Dept 2012]).
Supreme Court granted defendant's motion to quash the untimely, post-note deposition subpoena plaintiff served on nonparty witness Harris-Aikens, and to preclude plaintiff from "examining or otherwise taking any sworn testimony from" Harris-Aikens (the December Order), and suspended disclosure pursuant to CPLR 3103(b). Contrary to defendant's contention, however, plaintiff's subsequent obtaining of Harris-Aikens's sworn witness statement did not violate the automatic statutory discovery stay imposed by the December Order.
Specifically, the Harris-Aikens witness statement did not constitute "disclosure of the particular matter in dispute" prohibited by CPLR 3103(b). The statement was not an examination or other sworn testimony explicitly prohibited by the December Order, and was not otherwise an enumerated "disclosure device" under CPLR 3102(a) (see Slabakis v Drizin, 107 AD2d 45, 47 [1st Dept 1985] [voluntary statement of a non-party witness as to his or her knowledge of the issue in the underlying transaction is "by no means as functional as a formal deposition"][internal quotation marks omitted]). Rather, obtaining the witness statement was plaintiff's proper exercise of ex parte, informal discovery, which the Court of Appeals has long recognized as a permissible and invaluable avenue by which litigants prepare for trial (see Arons v Jutkowitz, 9 NY3d 393, 409 [2007] [stating that there are no statutes or rules forbidding ex parte discussions with any nonparty, including current and former employees of an adversary, specifically noting that "Article 31 does not close off these avenues of informal discovery, and relegate litigants to the costlier and more cumbersome formal discovery devices"][internal quotation marks omitted]).
Accordingly, because the witness [*2]statement did not violate CPLR 3103(b), Supreme Court's suppression of the statement, preclusion of Harris-Aikens from testifying at trial, and imposition of the sanction of reasonable attorneys' fees upon plaintiff were all improper.
We have considered plaintiff's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024