**435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC**

2024 NY Slip Op 31972(U)

June 7, 2024

Supreme Court, New York County

Docket Number: Index No. 452296/2016

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                                    PART                    33M

_Justice_

------------------------------------------------------------------------X

435 CENTRAL PARK WEST TENANT ASSOCIATION,
YASUTO TAGA, LYDIA BAEZ, CESAR PENA, JORGE
MARTINEZ, MARTHA ARIF, JOY HARRIS, ALTON SWIFT,
JENNIE MORTON-GARCIA, MARTHA ADAMS, ALLADIN
WALTERS, VICTORIA FRASIER, JOSE REGALADO,
JUAN HUNTT, CHRISTINE BARROW, GEORGE PARKER,
BJORG JEAN-PIERRE, MARIA CRUZ, HIRAM CHAPMAN

|  |  |
|---|---|
| INDEX NO. | 452296/2016 |
| MOTION DATE | 11/11/2023 |
| MOTION SEQ. NO. | 007 |

Plaintiff,

`     - v -

PARK FRONT APARTMENTS, LLC,

Defendant.

**DECISION + ORDER ON
MOTION**

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 007) 293, 294, 295, 296,
297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317,
318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338,
340

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, and after oral argument, which took place on September

12, 2023, with Charles Alvarez, Esq. appearing for Plaintiff 435 Central Park West Tenant

Association and the individually named plaintiffs (together "Plaintiffs"), and Adam Lindenbaum,

Esq. and Jeffrey Turkel, Esq. appearing for Defendant Park Front Apartments, LLC ("Defendant),

Defendant's motion partial summary judgment is granted in part and denied in part.

## A. Background

### i.     Pertinent Facts and Procedural History

This eight-year-old declaratory judgment and rent overcharge case has a lengthy procedural

background following multiple appeals, numerous motions, and has remained pending through

multiple Court of Appeals and First Department decisions which have had a substantial impact on

**452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC**                    Page 1 of 11
**Motion No.  007**

1 of 11

the relief sought, burdens of proof, and defenses available to the parties *(see e.g. Regina Metropolitan Co., LLC v. New York State Div. of Hous. and Community Renewal* [2020]). For a more thorough recitation of the procedural background of the case, the Court refers the reader to this Court's March 17, 2023 Decision and Order on Motion Sequence 004 (NYSCEF Doc. 239).

As it relates to this motion, the pertinent facts are as follows: During the pendency of this action, the parties agreed to set interim use and occupancy as of December 2000 rent. (NYSCEF Docs. 310-311). This stipulation was so-ordered by Justice Edmead on February 15, 2018 *(id.)*. Therefore, since February 15, 2018 the Plaintiffs have only been charged rent that they would have been charged in December of 2000 with applicable rent guidelines board increases going forward.

In this Court's Decision and Order on Motion Sequence 004, following the Court of Appeals precedent set forth in *Regina*, the Court awarded Defendant partial summary judgment and found that Plaintiffs Jorge Martinez, Martha Arif, Joy Harris, Jennie Morton-Garcia, Martha Adams, Alladin Walters, Juan Huntt, George Parker, Bjorg Jean-Pierre, Maria Cruz, and Hiram Chapman could not prove fraud for the purposes of piercing the four-year look back rule *(see 435 Cent. Park Wast Tenant Ass'n v. Park Front Apartments, LLC*, 2023 N.Y. Slip Op. 30799(U) at *17 (Sup. Ct. NY Co. 2023). The Court further held that as it relates to these Subject Tenants, the only remaining issue to be determined at the time of trial was the amount of the overcharge in excess of the base date rent, if any, and whether any such overcharge was willful *(id)*.

This holding was because the crux of the Subject Tenants' fraud allegations related to the Defendant's alleged tampering with the 2001 recertification process for HUD benefits. However, Defendant successfully demonstrated that the Subject Tenants were (a) above income and/or (b) underutilizing their apartments and therefore would not have qualified for those benefits. Because the Subject Tenants could not have qualified for HUD benefits, they could not satisfy the injury

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No.  007

Page 2 of 11

[* 2]

element of fraud as required by a plethora of binding precedent (*see Regina Metropolitan Co., LLC v New York State Div. of Hous. & Community Renewal*, 35 NY3d 759, 769 [2020]; *Burrows v. 75-25 153rd Street, LLC*, 215 AD3d 105, 109 [1st Dept 2023]; *Quinatoa v Hewlett Associates, LP*, 205 AD3d 654 [1st Dept 2022]; *Gridley v Turnbury Village, LLC*, 196 AD3d 95 [2d Dept 2021]; *Montera v KMR Amsterdam LLC*, 193 AD3d 102 [1st Dept 2021]; *In re Kostic v New York State Div. of Hous. & Community Renewal*, 188 AD3d 569 [1st Dept 2020]). Because the Subject Tenants could not demonstrate fraud, their overcharge claim was limited to a four year look back period for the purposes of determining the base date for rent, which is November 23, 2012.

Since this Court's decision on motion sequence 004, the parties have entered stipulations regarding two other Plaintiffs – Victoria Frasier ("Frasier") and Christine Barrow ("Barrow") ("Discovery Plaintiffs") (*see* NYSCEF Doc. 272). Justice Edmead, the prior presiding judge, following motion sequence 003, had issued multiple post-note of issue discovery orders on the issue of whether the plaintiffs qualified for HUD benefits at the time of recertification (*see* NYSCEF Docs. 173, 175, and 176). Frasier and Barrow failed to comply with their discovery obligations. The parties agreed that Frasier is unable to prove fraud as a matter of law as she was over-income in 2001 and could not qualify for HUD benefits, that the rent paid by Frasier on November 23, 2012 base date was valid. The parties further agreed that the only issue remaining at trial as to Frasier was her second cause of action alleging rent overcharge and whether the amount of the overcharge in excess of the base date rent, if any, and whether such overcharge was willful (NYSCEF Doc. 276). With respect to Barrow, plaintiffs' counsel agreed not to oppose any discovery sanctions that may be imposed by the Court *sua sponte* or as may be sought by Defendant on application in a future motion. *Id.*

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS; LLC          Page 3 of 11
Motion No. 007

[* 3]                                                    3 of 11

### ii. The Pending Motion

At issue on this motion is Defendant's contention that it is entitled to judgment dismissing the Subject Plaintiffs' and the Discovery Plaintiffs' cause of action for willful rent overcharge. Defendant contends it relied on both HUD and DHCR approvals stating that HUD regulation preempted local rent stabilization laws (NYSCEF Doc. 319 at ¶ 7). Shortly after Justice Edmead's declaration that HUD did not preempt the RSL, the parties entered into a stipulation for payment of interim use and occupancy at 2000 rents (NYSCEF Doc. 332). For purposes of calculating overcharge damages, the parties do not dispute that the base date rent is November 23, 2012, and have even submitted stipulations that the base date rent on November 23, 2012 was valid (NYSCEF Doc. 276).

It is Defendant's argument that the Plaintiffs' payment of use and occupancy at the rent set in the year 2000 since February 15, 2018 means there has been no overcharge because they actually are in arrears when calculating total rent owed from the November 23, 2012 base date (NYSCEF Doc. 319 at ¶ 9). Defendant further argues that the issue of willfulness is moot because (a) there are no overcharge damages and (b) you cannot treble damages that do not exist. *Id.*

*[The remainder of this page is intentionally left blank]*

**452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC**
**Motion No. 007**

**Page 4 of 11**

4 of 11

Defendant has submitted individualized ledgers showing that calculating rent paid to date from the 2012 base date shows that each Plaintiff, as calculated from the 2012 base date, would actually owe Defendant the following arrears:

| Tenant | Apt. # | Arrears |
| --- | --- | --- |
| Taga | 1H | ($26,054.86) |
| Baez | 1K | ($23,061.35) |
| Pena | 1L | ($93,724.76) |
| Martinez | 2S | ($23,937.02) |
| Arif | 2T | ($43,940.58) |
| Harris | 3E | ($27,814.64) |
| Swift | 4T | ($24,516.15) |
| Morton | 5I | ($28,633.47) |
| Adams | 5N | ($72,213.36) |
| Walters | 5O | ($60,547.23) |
| Frasier | 5S | ($58,912.83) |
| Regaldo | 5U | ($96,364.78) |
| Huntt | 6B | ($60,546.20) |
| Barrow | 6G | ($99,646.81) |
| Parker | 6O | ($161,355.35) |
| Bjorg | 6S | ($27,854.62) |
| Cruz | 6T | ($63,916.88) |
| Chapman | 6U | ($30,838.29) |
|  |  | ($1,023,879.18) |

(NYSCEF Doc. 325)

Defendant further argues that it could not have been willfully overcharging the Plaintiffs by collecting use and occupancy since the interim use and occupancy stipulation was so-ordered by Justice Edmead. Defendant argues it could not have willfully overcharged Plaintiffs prior to the interim use and occupancy stipulation since it relied in good faith in DHCR and HUD guidance that the building was not subject to local rent stabilization laws.

In opposition, Plaintiff submitted a memorandum of law and the decision and order by this Court in *Independent 435 CPW Tenants' Assn. v Park Front Apts., LLC*, 2023 NY Slip Op 31755(U) (Sup Ct. NY Co. May 23, 2023) (the "Companion Action"). Plaintiff argued that because this Court found triable issues of fact as to willfulness in the Companion Action, it should find

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC   Page 5 of 11
Motion No. 007

5 of 11

[* 5]

triable issues of fact as to willfulness in this action too. (NYSCEF Doc. 334). Plaintiffs also argues that the penalty for an overcharge is not to be looked at as an amount owed on a ledger as Defendant would suggest, but that the statute penalizes each discrete instance of an overcharge. Plaintiffs have submitted no affidavits disputing the accuracy of the ledgers submitted by Defendant.

## B. Legal Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial. *See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Pemberton v New York City Tr. Auth.,* 304 AD2d 340, 342 [1st Dept 2003]). Mere conclusions of law or fact are insufficient to defeat a motion for summary judgment (*see Banco Popular North Am. v Victory Taxi Mgt., Inc.,* 1 NY3d 381 [2004]).

For purposes of determining rent overcharge liability, the statutory language is clear:

"...any owner of housing accommodations who...is found...after a reasonable opportunity to be heard, to have collected **an overcharge** above the rent authorized for a housing accommodation subject to this chapter shall be liable to the tenant for a penalty equal to three times the amount of such overcharge. If the owner established by a preponderance of the evidence that the overcharge was not willful...the state division of housing and community renewal shall establish the penalty as the amount of the overcharge plus interest"

(Administrative Code of City of NY § 26-516[a]) (emphasis added).

The First Department has interpreted §26-516(a) to penalize landlords for an overcharge regardless of whether the overcharge was systematic **or a one-time event** (*Smoke v. Windermere Owners, LLC*, 173 AD3d 500, 501 [1st Dept 2019]).

There is a presumption of willfulness as to a rent overcharge which may be rebutted by the defendant (*Crockett v. 351 St. Nicholas Avenue LLC*, 179 AD3d 486, 487 [1st Dept 2020]; *H.O. Realty Corp. v State Div. of Hous. & Community Renewal*, 46 AD3d 103, 107 [1st Dept 2007]). Once there is an overcharge, an owner must establish by a preponderance of credible evidence that the overcharge was not willful (Administrative Code of City of NY § 26-516[a]). The First Department has held that misplaced reliance on advisory opinions from administrative agencies may not show a conscious and knowing violation of the rent stabilization regime (*Sandlow v. 305 Riverside Corp.*, 201 AD3d 418, 419 [1st Dept 2022] citing *Matter of Regina Metro. Co., LLC v. New York State Div. of Hous. & Community Renewal*, 35 NY3d 332, 356 n. 7 [2020]; *see also Rosenzweig v 305 Riverside Corp.*, 35 Misc.3d 1241[A] [Sup. Ct. NY Co. 2012]).

## C. Discussion

### i. Overcharge Liability

The Court finds that by Defendant's own submissions there is evidence of overcharge liability. For example, Defendant submitted an individualized ledger for Apartment 2S which is inhabited by Plaintiff Jorge Martinez. The ledger reflects that from April 2013 through March 2014 Mr. Martinez was overcharged $97.05 per month (*see* NYSCEF Doc. 325). From April 2014 through March 2015 Mr. Martinez was overcharged $167.33 per month. The following year Mr. Martinez was overcharged $301.55 per month, and the year after that reflects overcharges of $465.96 per month.

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No. 007

Page 7 of 11

The law is clear that overcharge liability is based on each discrete instance of an overcharge and not in the holistic "entire ledger" fashion that Defendant sets out (Administrative Code of City of NY § 26-516[a]; *Smoke v. Windermere Owners, LLC*, 173 AD3d 500, 501 [1st Dept 2019]). Indeed, the drafters of § 26-516 specifically chose to use the words "**an overcharge**" to indicate the penalty arises each time a single overcharge is collected. Utilizing the base date rent of November 2012, the ledgers produced by Defendant show that beginning in April 2013 Plaintiffs were overcharged rent on numerous occasions (NYSCEF Doc. 304). Each of these overcharges, which were admitted to by Defendant via their own submissions, requires imposition of overcharge liability.

On the other hand, the Court finds that overcharge liability is limited up until the execution of the interim use and occupancy stipulation, which is when Plaintiffs began to be charged rent at the rate set in 2000, which is far below the 2012 base date rent (NYSCEF Doc. 311). The stipulation was so ordered on February 15, 2018, and so the Court grants Defendant partial summary judgment dismissing overcharge claims post February 15, 2018 but will not dismiss the Plaintiffs' claims for overcharges which occurred prior to February 15, 2018.[1]

### ii. Willfulness

Similarly, the Court grants in part and denies in part Defendant's motion for summary judgment seeking dismissal of the treble damages portion of Plaintiffs' overcharge claims. As a preliminary matter, since there was no overcharge post-February 15, 2018 there can likewise be no finding of treble damages as there are no overcharge damages to treble.

The Court finds that Defendant has established *prima facie* proof that it relied, in good faith, on erroneous guidance from HUD and DHCR regarding overcharges from November 2012

---

[1] Using Plaintiff Jorge Martinez's ledger as a continued example (which Plaintiffs have failed to dispute in opposition), beginning in February 2018 Mr. Martinez was underpaying rent by over $600.00.

**452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC**          **Page 8 of 11**
**Motion No. 007**

through the date of Justice Edmead's declaration that the building was subject to rent stabilization on July 24, 2017 (*see* NYSCEF Doc. 60).[2] Prior to Justice Edmead's order, DHCR issued an erroneous opinion that HUD regulation preempted New York City's rent stabilization laws (*see* NYSCEF Doc. 305). Plaintiffs concede, that "New York courts are inclined to find that rent overcharges that were the result of reliance on incorrect agency are not willful..." (NYSCEF Doc. 334). Defendant has submitted the affidavit of Sinclair Haberman to detail Defendant's good faith reliance on the erroneous DHCR guidance. (NYSCEF Doc. 298).

Although Plaintiffs had an opportunity to depose Mr. Haberman, they have produced no evidence in opposition to rebut Defendant's good faith reliance and instead rely on a memorandum of law which has no evidentiary value (*2084-2086 BPE Assoc. v State of N.Y. Div. of Hous. & Community Renewal*, 15 AD3d 288 [1st Dept 2005]). The absence of any deposition testimony or even a contradictory affidavit submitted in opposition refuting Mr. Haberman's sworn reliance on DHCR guidance is insufficient to defeat Defendant's *prima facie* proof rebutting a willful overcharge from November 2012 through July 24, 2017.

However, the Court finds the issue of willfulness cannot be completely disposed of as any reliance on the DHCR guidance should have been dispelled when Justice Edmead issued her declaration finding that the building was subject to rent stabilization. Despite this declaration being issued, Defendant failed to register the subject apartments with DHCR, and failed to offer any rebates or rent reductions until the so-ordered stipulation dated February 15, 2018 (NYSCEF Doc.

---

[2] Although Plaintiff heavily relies on this Court's decision in *Independent 436 CPW Tenants' vs Park Front Apartments, LLC*, 2023 NY Slip Op 31755(U) (Sup. Ct. NY Co. 2023) to assert material issues of fact as to the willfulness of overcharges, Plaintiff fails to appreciate the main distinguishing characteristic between the instant case and the Companion Action. The Companion Action was brought in 2019 after the First Department and Justice Edmead both issued declarations that the building was subject to rent stabilization which dispelled any reasonable reliance by Defendant on the erroneous DHCR guidance. In contrast, the DHCR guidance was deemed erroneous as a result of dispositive motion practice **in this action** and therefore during a large part of the look back period applicable in this case, Defendant had a good faith and reasonable belief that the subject building was not subject to the rent stabilization law.

**452296/2016  435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC**          **Page 9 of 11**
**Motion No.  007**

332). In fact, the record before the Court is devoid of even any belated registration of the apartments at issue. These are the same issues of fact which precluded the Court from granting summary judgment in the Companion Action and they likewise warrant denial of summary judgment dismissing any allegations regarding willfulness of any overcharges for the limited window of July 24, 2017 through February 15, 2018.

Accordingly, it is hereby,

ORDERED that Defendant's motion for partial summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendant's motion for partial summary judgment is granted to the extent that the portion of Plaintiffs Jorge Martinez, Martha Arif, Joy Harris, Jennie Morton-Garcia, Martha Adams, Alladin Walters, Juan Huntt, George Parker, Bjorg Jean-Pierre, Maria Cruz, Hiram Chapman, Victoria Frasier, and Christine Barrow's second cause of action for allegedly willful rent overcharges is dismissed as to any alleged overcharges from February 15, 2018 to the present; and it is further

ORDERED that Defendant's motion for partial summary judgment is denied to the extent it sought dismissal of the portion of Plaintiffs Jorge Martinez, Martha Arif, Joy Harris, Jennie Morton-Garcia, Martha Adams, Alladin Walters, Juan Huntt, George Parker, Bjorg Jean-Pierre, Maria Cruz, Hiram Chapman, Victoria Frasier, and Christine Barrow's second cause of action for rent overcharges from November 23, 2012 through February 15, 2018 and claims for rent overcharges during this time period survive; and it is further

ORDERED that Defendant's motion for partial summary judgment is granted to the extent that the portion of Plaintiffs Jorge Martinez, Martha Arif, Joy Harris, Jennie Morton-Garcia, Martha Adams, Alladin Walters, Juan Huntt, George Parker, Bjorg Jean-Pierre, Maria Cruz, Hiram

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC
Motion No.  007

Page 10 of 11

Chapman, Victoria Frasier, and Christine Barrow's second cause of action seeking treble damages for any rent overcharges from November 23, 2012 through July 24, 2017 is dismissed; and it is further

ORDERED that Defendant's motion for partial summary judgment is denied to the extent that Plaintiffs' claims for treble damages related to any overcharges from July 24, 2017 through February 15, 2018 survives; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order on Plaintiffs with notice of entry; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 6/7/2024 | | | | *Mary V Rosado JSC* |
|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. |

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC       Page 11 of 11
Motion No. 007

11 of 11